WILLIAMS, Circuit Judge,
concurring in part and concurring in the judgment.
I concur in parts I, III (with the exception of the first sentence), and IV of the majority opinion. I concur only in the judgment, however, as to Part II. Unlike the majority, I do not believe that BethEn-ergy waived the issue of timeliness because, given the Benefit Review Board’s (BRB) pronouncement that the three year statute of limitations does not apply to duplicate claims, see Faulk v. Peabody Coal Co., 14 BLR 1-18 (1990), it would have been futile for BethEnergy to have raised the issue. Furthermore, the BRB addressed BethEnergy’s argument that the statute of limitations did apply to duplicate claims, and it rejected that argument in continuing to adhere to Faulk.
I agree with the Director, who’s interpretation of regulations promulgated under the Black Lung Benefits Act is owed substantial deference, see Clinchfield Coal Co. v. Harris, 149 F.3d 307, 309 (4th Cir. 1998), that “[t]he plain language of the statute and the implementing regulation demonstrate that the limitations period applies to all claims filed by a miner.” (Federal Respondent’s Br. at 9.) I concur in the judgment, however, because, applying the standard advocated by the Director, Beth-Energy has failed to show that Cunningham did not file his claim within three years of a “medical determination of total disability due to pneumoconiosis which ha[d] been communicated to the miner.” 20 C.F.R. § 725.308(a) (2003).